IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALA M. DAVENPORT,                )
                                  )
              Plaintiff,          )
                                  )
       v.                         )   No. 05 C 6061
                                  )
NORTHROP GRUMMAN CORPORATION,     )
a Delaware corporation qualified  )
by the State of Illinois,         )
d/b/a McDonald's,                 )
                                  )
              Defendant.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Mala Davenport, an African-American woman, is a former employee of defendant Northrup Grumman Corporation, n/k/a Northrup Grumman Systems Corporation. Plaintiff's employment was terminated as part of a reduction in force ("RIF"). In her complaint, plaintiff alleges that she was selected for the RIF because of her race and sex and in retaliation for having previously filed a discrimination complaint. It is also alleged that she was subjected to additional retaliation in the form of unlawful coercion because defendant initially refused to offer her binding arbitration unless she first dropped her discrimination claims that were then pending before the EEOC.

All claims are brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. The race discrimination claim is also brought pursuant to 42 U.S.C. § 1981. Presently pending is defendant's motion for summary judgment.[1]

In response to the summary judgment motion, plaintiff conceded that she has no viable claims for sex discrimination or unlawful coercion. Therefore, those two claims will be dismissed without further discussion.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Scott v. Harris, 127 S. Ct. 1769, 1774, 1776 (2007); Scaife v. Cook County, 446 F.3d 735, 738-39 (7th Cir. 2006). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Creditor's Committee of Jumer's Castle Lodge, Inc. v. Jumer, 472 F.3d 943, 946 (7th Cir. 2007); Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001). The

---

[1]Throughout its briefs, defendant cites unpublished Seventh Circuit decisions from prior to 2007. It is inappropriate to cite such decisions. 7th Cir. R. 32.1(d). Unpublished Seventh Circuit decisions issued on or after January 1, 2007 may be cited for their persuasive value, but are not precedential. Fed. R. App. P. 32.1(a); 7th Cir. R. 32.1(b).

nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Jumer, 472 F.3d at 946; Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006), cert. denied, 127 S. Ct. 2947 (2007). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988); Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004), aff'd, 427 F.3d 452 (7th Cir. 2005). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett,

477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" Logan, 96 F.3d at 978 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Outlaw, 259 F.3d at 837.

Four years prior to plaintiff's layoff, plaintiff and another African-American woman complained that plaintiff's supervisor's supervisor, Rodney Wodzien, had made racist and sexist comments. After an internal investigation, Wodzien was demoted to a nonsupervisory position. Plaintiff does not dispute that Wodzien was not aware of who had made the complaint. Without such knowledge, no retaliatory motive can be attributed to Wodzien. See Tomanovich v. City of Indianapolis, 457 F.3d 656, 668-69 (7th Cir. 2006); Luckie v. Ameritech Corp., 389 F.3d 708, 715 (7th Cir. 2004).

Moreover, Wodzien was not the RIF decision maker for plaintiff. The person who made the layoff decision four years later was George Cala. Cala was aware that plaintiff had complained about Wodzien, but did not know the nature of the complaint. Since Cala did not know a complaint of discrimination had been made, retaliation based on engaging in protected activity cannot be attributed to Cala. There is evidence that Cala and Wodzien were friends, but it is undisputed that they did not discuss the earlier complaint against Wodzien. Moreover, since Wodzien was unaware that plaintiff had filed a complaint against him, no retaliatory motive can be attributed to Cala based on Cala following any suggestions or advice that Wodzien may have made to Cala regarding plaintiff. There is no

sufficient evidence to support that Cala's decision to select plaintiff for the RIF was motivated by retaliation for plaintiff having made a discrimination-based complaint against a different person four years earlier. The retaliation claim will be dismissed.

Plaintiff also alleges a racially motivated discharge in violation of both Title VII and § 1981. The same standards of proof apply to both claims. Patton v. Indianapolis Public School Board, 276 F.3d 334, 338 (7th Cir. 2002). Plaintiff concedes that she has no direct evidence of discrimination so that she must instead rely on the indirect method of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. Under the McDonnell Douglas framework, a prima facie case of employment discrimination creates a rebuttable presumption that the employer's actions, if unexplained, were the result of impermissible factors and shifts the burden of production to the employer to articulate some legitimate, nondiscriminatory reason for its actions. If the employer satisfies that burden, the plaintiff must then show that these articulated reasons are pretextual. Davis v. Con-Way Transportation Central Express, Inc., 368 F.3d 776, 784 (7th Cir. 2004). The plaintiff can do this by showing race was a motivating factor in the employer's decision or by presenting a

material factual dispute as to the sincerity of the proffered reasons. Freeman v. Madison Metropolitan School District, 231 F.3d 374, 379 (7th Cir.2000); Collier v. Budd Co., 66 F.3d 886, 892 (7th Cir. 1995) (quoting Colosi v. Electri-Flex Co., 965 F.2d 500, 502 (7th Cir.1992)). As to the latter, it must be shown (a) that the proffered reason had no basis in fact, (b) that the proffered reason did not actually motivate the decision, or (c) that the reason was an insufficient reason to motivate the decision. Holmes v. Potter, 384 F.3d 356, 361 (7th Cir. 2004); Wells v. Unisource Worldwide, Inc., 289 F.3d 1001, 1006 (7th Cir. 2002). "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." Davis, 368 F.3d at 384 (quoting Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000)).

The parties agree that plaintiff's situation falls into the "mini-RIF" category, "a situation in which the dismissed worker's duties have been absorbed by another employee rather than eliminated." Merillat v. Metal Spinners, Inc., 470 F.3d 685, 690 (7th Cir. 2006), cert. denied, 127 S. Ct. 2973 (2007). In that situation, plaintiff's burden of proof as to the prima facie case is to show that: "(1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and

(4) her duties were absorbed by employees not in the protected classes." Id. As to the prima facie case, defendant's only contention is that plaintiff cannot satisfactorily show the second factor, that she was meeting defendant's legitimate performance expectations.

In 1979, defendant hired plaintiff as a material handler. During her first few years of employment, Cala was her immediate supervisor. Plaintiff was promoted a number of times. All of plaintiff's positions were in the main stockroom, not in any of the satellite stockrooms located in particular groups or another building. In December 1996, plaintiff was promoted to material coordinator specialist, a grade 14 position. In 1999, her job title was changed to program material coordinator specialist ("PMCS"). This was still a grade 14 position, which was the highest job grade in her department for salaried, nonexempt employees. Plaintiff's duties as a PMCS were to gather or "pick" parts, production kits ("shop orders"), and "P-2" assemblies (pre-assembled materials for production projects); verify or audit picked parts; deliver parts or kits to the correct production areas; pick up damaged material; complete paperwork; train new employees; be an acting supervisor in the supervisor's absence; and other assignments as needed. Plaintiff's primary

responsibility was to issue or deliver production kits to different areas in the facility.

From September 2000 until fall 2001, Cala was plaintiff's immediate supervisor. Thereafter, Darlene Perry was plaintiff's immediate supervisor and Perry reported to Cala. In fall 2001, all staff managers, including Cala, were informed that they would have to reduce departmental personnel by 10%. Approximately 100 employees were laid off as part of this RIF. Cala had to eliminate four positions. He decided one of those would be a grade 14 PMCS. In January 2002, plaintiff received notice that she would be laid off effective March 11, 2002.

Satisfying the prima facie case is a low threshold requiring only a minimal showing that plaintiff satisfied defendant's legitimate performance expectations. Roberts v. Separators, Inc., 172 F.3d 448, 451 (7th Cir. 1999). The employer may subjectively set the criteria of legitimate expectations. For purposes of satisfying the prima facie case, however, the question is whether the plaintiff actually satisfied that criteria, not whether the employer subjectively believed the employee had satisfied them. See Echols v. Select Beverages, Inc., 64 F. Supp. 2d 807, 812 (S.D. Ind. 1998); Elghanmi v. Franklin College of Indiana, Inc., 2000 WL 1707934 *9-10 (S.D. Ind. Oct. 2, 2000). Also, it need only be shown that the

plaintiff was meeting the minimum qualifications for the position, not that the plaintiff was more qualified than other employees. Cf. Murray v. Avon Products, Inc., 2004 WL 2921867 *4 (N.D. Ill. Dec. 16, 2004), aff'd by unpublished order, 137 F. App'x 898 (7th Cir. 2005); Griffin v. Allied Tube & Conduit Corp., 1999 WL 999794 *5 (N.D. Ill. Oct. 29, 1999); Elghanmi, 2000 WL 1707934 at *9-10. The employer's subjective beliefs as to the employee's qualifications and reasons for finding other employees more qualified are appropriately raised only in considering the employer's stated reasons for its action or claimed pretext, see Echols, 64 F. Supp. 2d at 812; Elghanmi, 2000 WL 1707934 *10, but not at the prima facie level of the analysis.

On her December 17, 2001 performance appraisal, plaintiff received a rating of 3 as to all objectives. That is the middle rating of a 5-point scale, with 3 meaning "fully met objective." She also received a 3 as to all leadership factors, meaning she "consistently demonstrates" such factors. In the box for overall comments, Cala wrote: "Mala was able to maintain her performance, she needs to be more versatile in accepting assignments." This also indicates plaintiff was meeting her performance requirements even if Cala would have preferred that she had some additional skills. While Cala testified regarding

some deficiencies,[2] the performance appraisal sufficiently supports that plaintiff was meeting defendant's legitimate performance expectations. Cf. Merillat, 470 F.3d at 691-92; Echols, 64 F. Supp. 2d at 812. Plaintiff's race discrimination claims will not be dismissed for failing to satisfy the prima facie case.

Defendant asserts that it implemented a RIF because of budgetary constraints. It further contends that Cala selected plaintiff for the RIF because she had the weakest skill set, including the least versatility, of the five grade 14 PMCS's under his supervision. Plaintiff does not dispute that this would constitute a legitimate, nondiscriminatory reason for her discharge. Therefore, the burden is on plaintiff to show that this stated reason is pretextual. Plaintiff contends there are genuine factual disputes concerning plaintiff being less skilled than the other PMCS's. She also contends evidence shows that there was no legitimate reason for deciding that one of the PMCS positions should be eliminated. Instead, it was selected as a means of getting rid of plaintiff. Plaintiff also contends that

---

[2] Since other evidence sufficiently supports that plaintiff was meeting defendant's legitimate expectations even in light of Cala's testimony, for purposes of the prima facie case, it is unnecessary to consider whether Cala's testimony improperly relies on hearsay or is otherwise contradicted.

evidence shows that Cala is not credible. The question of plaintiff's work skills will be considered first.

According to Cala, he chose plaintiff for layoff because her skills were essentially limited to issuing shop orders to the production floor, whereas the other PMCS's had a broader skill set, were more flexible, had greater knowledge and a higher motivational level, had more initiative, took on greater leadership roles, and demonstrated versatility and willingness to perform their responsibilities. One had experience in shipping, receiving, transportation, and the storeroom; another had experience in the microelectronics storeroom; one had experience in the Butler storeroom; and the last had experience in all storeroom activities and with chemical control. Plaintiff's experience was limited to the main storeroom, for which two others had some experience, even if substantially less than plaintiff's experience there. There is no dispute that defendant had received complaints about plaintiff, but none about any of the other PMCS's.[3]

Except in a limited manner, plaintiff does not point to evidence of a genuine factual dispute regarding the other

---

[3]Contrary to plaintiff's contention, this is not inadmissible hearsay. The question is not whether the complaints were true (a purpose for which the testimony would be hearsay), but what information Cala had when making his decision.

employee's qualifications. She points out that she had additional education that the other four did not have. She points out that Cala's testimony about her lack of versatility generally pertains to her not wanting to perform certain of her own job duties at particular times, not her refusing to perform extra tasks. Plaintiff, however, points to no evidence that she had experience in other areas. Her job did consist of doing more than just delivering shop orders, but it is uncontested that this was her primary duty and it is also uncontested that she had no experience in transportation duties, the microelectronics storeroom, the Butler storeroom, or chemical control. Plaintiff points to evidence that two of the others had not become PMCS's until 2001. Those two employees, however, worked in specialty storerooms in which the other three had no experience. There is also no sufficient evidence as to how long they may have worked in those storerooms in different capacities. Plaintiff also points to evidence that Cala did not examine the work histories of the five PMCS's. That, however, is irrelevant since there is no evidence that Cala had an inaccurate view of the others' experience and skills. Plaintiff does not present sufficient evidence for a reasonable trier of fact to find that the reasons stated by Cala are inconsistent with the underlying facts. See Mlynczak v. Bodman, 442 F.3d 1050, 1059-60 (7th Cir. 2006)

(quoting Millbrook v. IBP, Inc., 280 F.3d 1169, 1180 (7th Cir.), cert. denied, 537 U.S. 884 (2002)) (when the qualifications of competing employees are at issue, pretext can only be found if the difference in qualifications is "so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified"). Evidence about the skills of plaintiff and the other PMCS's is not a basis for finding Cala's stated reasons were a pretext.

Plaintiff points to evidence of some inconsistencies between Cala's testimony and that of others. Some of the purported inconsistencies do not stand up to examination. The facts do not directly pertain to the issue of the relative skills of plaintiff and the other PMCS's. There is no sufficient basis for a fact finder to infer that Cala is so lacking in credibility that his testimony about the reasons for selecting plaintiff cannot be believed.

Still to be considered is evidence concerning Cala's decision that a PMCS would be one of the employees that would lose a job. Three of the five PMCS's were African-Americans. If the reasons for selecting a PMCS were substantially inconsistent with defendant's layoff rules, irrational, or largely inconsistent with the underlying facts, perhaps it could be

inferred that Cala selected a PMCS for layoff in order to target an African-American.[4]

Plaintiff contends that Cala's decision to select a PMCS for reduction was irrational because he selected employees simply because they had the same grade and classification, even though their varying skills were not readily comparable. Plaintiff also contends it was irrational to select higher graded employees[5] who would likely have the greatest ability to perform varying functions. Defendant's RIF policy, however, required that Cala select within the same job title and grade and that he consider all employees in that classification. Even if plaintiff considers that policy irrational, there is no evidence that the company policy itself was designed to discriminatorily target protected groups. Cala's following of company policy cannot be considered a pretext for discrimination. Plaintiff does not point to some other job classification that was better suited to be selected for elimination of one position nor otherwise attempt to address the particular factors that did or did not make the PMCS position an appropriate choice for a layoff. Plaintiff does

---

[4] No evidence is presented regarding what percentage of the other employees reporting to Cala were African-American.

[5] It is uncontested that Cala did not select a higher graded employee for layoff in order to save additional money.

not meet her burden of showing sufficient evidence that would support a finding that Cala's decision to select the PMCS classification for reduction was pretextual.

Since no genuine factual dispute exists regarding the selection of plaintiff for the RIF being pretextual, defendant is entitled to summary judgment.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [30] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 31, 2007